IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MEGAN ELIZABETH HABRIGA,

           Plaintiff,

OPINION AND ORDER

20-cv-650-bbc

    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Megan Elizabeth Habriga seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding plaintiff not disabled within the meaning of the Social Security Act. Plaintiff contends that the administrative law judge (ALJ) erred by: (1) failing to properly assess plaintiff's mental impairments; and (2) failing to account for moderate limitations in concentration, persistence or pace. She also contends that the Appeals Council erred by failing to consider the supplemental records she that plaintiff submitted. After reviewing the record, I am not persuaded that the ALJ erred, and will therefore affirm the commissioner's decision.

OPINION

Plaintiff seeks disability insurance benefits beginning in December 2016, when she was 31 years old. In an October 2019 decision, an ALJ found that plaintiff was not disabled.

1

Although plaintiff suffered from several severe impairments, including schizophrenia spectrum, generalized anxiety disorder and a thyroid disorder, she had the residual functional capacity to perform a reduced range of medium work. AR 117-20. In particular, plaintiff was limited to occasional interaction with coworkers and supervisors and superficial interaction with the public when in person. AR 120. She also needed clear and unambiguous instructions, but not necessarily simple or routine work, and she would be off task up to 15% of the day, but not all at one time. Id. Relying on the testimony of a vocational expert, the ALJ found that plaintiff could still perform her past relevant work as a customer service clerk. Id. The Appeals Council denied plaintiff's appeal, and plaintiff filed this lawsuit.

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, that is, "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014).

Plaintiff challenges the denial of disability benefits on three grounds. She argues that the ALJ erred by: (1) failing to properly assess plaintiff's mental health limitations; and (2) failing to account for plaintiff's moderate limitations in concentration, persistence or pace.

She also contends that the Appeals Council erred by failing to consider records showing that her condition had worsened.

## A. Mental Impairments

Plaintiff contends that the ALJ failed to properly assess the limitations caused by plaintiff's mental impairments, and in particular, the fact that plaintiff's symptoms waxed and waned. Plaintiff points to evidence in the record showing that she suffered from auditory hallucinations and paranoia that required her to take breaks and affected her ability to focus and be around other people. AR 748, 783-85, 787, 2240, 2245. Plaintiff also cites to evidence showing that she had several bad mental health episodes, and that she frequently struggled with social anxiety, paranoia and delusional thoughts, even when her mood was otherwise stable. AR 763-64, 778, 2469. She argues that the ALJ placed too much emphasis on plaintiff's improvement after inpatient hospitalization, and that the ALJ failed to recognize that plaintiff was still significantly impaired despite some improvement.

Plaintiff's argument is not persuasive. The ALJ's discussion and assessment of plaintiff's mental health limitations was thorough and well-reasoned. AR 121-131. The ALJ acknowledged plaintiff's severe mental limitations, including her hallucinations, paranoia, depression, social anxiety and sleepiness. She noted that plaintiff took several psychiatric medications for bipolar disorder, AR 121, that plaintiff had spent several weeks receiving inpatient mental health care in late 2016 and early 2017, AR 122, and that she continued to report various psychological symptoms afterward. AR 122, 124-26. The ALJ accounted for plaintiff's mental impairments by limiting her to work that provided clear and

3

unambiguous instructions, required only occasional interaction with coworkers and supervisors and only superficial interaction with the public, and permitted plaintiff to be off-task up to 15% of the day. AR 120.

The ALJ explained adequately why she did not include additional mental limitations in plaintiff's residual functional capacity. The ALJ noted that plaintiff's condition improved significantly during the course of her inpatient stay, and that her subsequent treatment consisted largely of medical management and occasional counseling. AR 122. Plaintiff often denied experiencing medication side effects, and she experienced auditory hallucinations only rarely. AR 121, 125-27. The ALJ cited multiple examinations in which plaintiff exhibited good memory, normal mood and affect, and logical and goal-directed thought processes. AR 119, 123-26.

The ALJ also discussed plaintiff's activities, including her ability to access social media, take care of personal hygiene, pay bills, handle bank accounts, play computer games, drive an automobile, perform household chores, shop in stores, read, work part-time in a public restaurant and maintain friendships. AR 119-20, 155, 158, 159. The ALJ found it particularly significant that plaintiff had never missed work from her part-time job because of her impairments. AR 120. Finally, the ALJ noted that during the hearing, plaintiff had no difficulty answering questions and providing "detailed, logical responses." AR 119. Relying on this evidence, the ALJ concluded that plaintiff was not disabled. The ALJ cited sufficient evidence to support her findings and conclusions.

## B. Concentration, Persistence or Pace

Plaintiff's second argument is that the ALJ erred by failing to include limitations in the residual functional capacity to account for plaintiff's moderate limitations in concentration, persistence or pace. This argument is related to plaintiff's first argument regarding mental health limitations, and it fails for the same reasons. It is true that the residual functional capacity assessment must account for all of a claimant's demonstrated psychological symptoms, including limitations related to concentration, persistence, and pace. DeCamp v. Berryhill, 916 F.3d 671, 675 (7th Cir. 2019). But the ALJ is not required to use specific language or to impose restrictions that are not supported by the record evidence. Jozefyk v. Berryhill, 923 F.3d 492 (7th Cir. 2019) (per curiam).

In this instance, the ALJ explained adequately how the residual functional capacity accounted for plaintiff's limitations in concentration, persistence or pace. The ALJ stated that she limited plaintiff to work with clear and unambiguous instructions to account for plaintiff's limitations in concentration. AR 131. The ALJ did not identify any specific concerns with plaintiff's ability to persist or maintain pace, but the residual functional capacity permitted plaintiff to be off task up to 15% of the day, which accounted for plaintiff's limitations in persistence or pace. Plaintiff does not identify any further specific work-related limitations that the ALJ should have included, but did not, to account for her moderate difficulties in concentration, persistence or pace. Thus, this argument is not a basis for remanding the case.

### C. Failure of Appeals Council to Consider Post-Hearing Records

Plaintiff's final argument is that her case should be remanded to the agency because the Appeals Council failed to review the supplemental medical records that plaintiff provided after the ALJ's decision. Plaintiff says that the records show that her symptoms worsened after the ALJ's decision, and she argues that the records undermine the ALJ's conclusion that plaintiff's symptoms had improved.

However, the Appeals Council *did* address the supplemental medical records that plaintiff submitted. The Appeals Council noted that plaintiff had submitted additional evidence, but that the evidence did "not show a reasonable probability that it would change the outcome of the decision" and did "not relate to the period at issue," because it was dated after the ALJ's decision. AR 2. The Appeals Council stated that plaintiff could file a new claim if she wanted the agency to consider evidence of disability after the date of the ALJ's decision. Id. Plaintiff's argument ignores the Appeals Council's discussion, and does not provide a basis for remanding this case.

### ORDER

IT IS ORDERED that the that the decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, is AFFIRMED and plaintiff Megan Elizabeth Habriga's

appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

    Entered this 27th day of August, 2021.

                                            BY THE COURT:
                                            /s/

                                            _____
                                            BARBARA B. CRABB
                                            District Judge